# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL BARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11696** |
| **DARREL VANNOY, WARDEN** | **SECTION: "E"(3)** |

## REPORT AND RECOMMENDATION

Samuel Barker is a Louisiana state prisoner.  In a prior habeas corpus proceeding, former United States Magistrate Judge Daniel E. Knowles, III, issued an opinion summarizing the history of Barker's state criminal proceedings to that point, stating:

> On August 7, 2015, petitioner was charged with various crimes in a nine-count bill of information.  On November 9, 2016, he was convicted of two counts of simple burglary (Counts 1 and 4), one count of simple criminal damage to property (Count 3), two counts of theft (Counts 5 and 6), one count of criminal trespass (Count 8), and one count of attempted simple burglary of an inhabited dwelling (Count 9).  On November 10, 2016, he was additionally convicted of possession of burglary tools (Count 2); however, he was acquitted of one count of simple criminal damage to property (Count 7).  On January 6, 2017, he was sentenced to concurrent terms of six months in jail on Counts 2 and 8.  On July 20, 2017, after being found to be a fourth offender, he was sentenced as such to concurrent terms of twenty years imprisonment on Counts 3, 5, 6, and 9 and to concurrent terms of life imprisonment on Counts 1 and 4.  It was ordered that those enhanced sentences be served without benefit of probation, parole, or suspension of sentence.

Barker v. Vannoy, Civ. Action No. 17-6674, 2018 WL 2376362 (E.D. La. Apr. 2, 2018) (footnotes omitted).[1]

While those criminal proceedings were ongoing in the state district court, Barker filed a federal habeas corpus application challenging only his pretrial detention and the related denial of pretrial state habeas relief.  Magistrate Judge Knowles issued a report recommending that the application be dismissed as moot in light of Barker's conviction and sentencing.  Id.  United States

---

[1] "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

District Judge Susan Morgan adopted that report and recommendation and dismissed the application. Barker v. Vannoy, Civ. Action No. 17-6674, 2018 WL 2364903 (E.D. La. May 24, 2018). Judge Morgan also subsequently denied Barker's motion for reconsideration. Barker v. Vannoy, Civ. Action No. 17-6674, 2018 WL 3023443 (E.D. La. June 18, 2018). The United States Fifth Circuit Court of Appeals then dismissed his related appeal for want of prosecution. Barker v. Vannoy, No. 18-30846 (5th Cir. Dec. 20, 2018).

While those federal proceedings were ongoing, the Louisiana Fourth Circuit Court of Appeal affirmed Barker's convictions and sentences. State v. Barker, No. 2017-KA-0469, 2018 WL 2426455 (La. App. 4th Cir. May 30, 2018). Barker has sought review of that judgment by the Louisiana Supreme Court, and his application currently remains pending.[2]

Prior to his conviction, Barker litigated an issue regarding a purported conflict of interest concerning his counsel in the state criminal proceedings. On that issue, the Louisiana Supreme Court ultimately denied relief on April 6, 2018. State ex rel. Barker v. State, 240 So. 3d 183 (La. 2018). On August 3, 2018, the Louisiana Supreme Court then refused to consider his application for reconsideration. State ex rel. Barker v. State, 250 So. 3d 889 (La. 2018).

The instant federal proceedings were initiated when Barker filed a pleading which he designated as an "appeal" of the foregoing decision of the Louisiana Supreme Court.[3] Because a federal district court lacks jurisdiction to consider such an "appeal," the Court initially construed Barker's pleading as an attempt to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and ordered him to complete and return the standard form to be used by prisoners seeking such relief.[4] See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[2] See Rec. Doc. 10, p. 2.
[3] Rec. Doc. 5.
[4] Rec. Doc. 8.

Barker complied with that order and submitted the standard form;[5] however, he also filed a document entitled "*Ex Parte* Clarification of Intent of His Filing" in which he stated that his intent was not to file a petition for writ of habeas corpus but instead "an APPEAL of denied state Supervisory Writ Relief."[6]

In light of Barker's "Clarification," the undersigned United States Magistrate Judge notified Barker that this Court lacks jurisdiction to consider such an "appeal."  See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000) ("No statute exists … granting federal district courts jurisdiction to hear appeals from state court decisions."); Lampkin-Asam v. Supreme Court of Florida, 601 F.2d 760 (5th Cir. 1979) ("It is axiomatic that a federal district court, as a court of original jurisdiction, lacks appellate jurisdiction to review, modify, or nullify a final order of a state court."); Williams v. State Attorney Office, Case No. 8:17-cv-367, 2017 WL 2464133, at *3 (M.D. Fla. June 7, 2017) ("A federal district court has no supervisory or appellate jurisdiction over a state court …."). Barker was further notified that although this Court does not have such appellate jurisdiction, the Court does have jurisdiction to entertain a separate and distinct type of challenge to his state court conviction:  an application for habeas corpus relief pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Magwood v. Smith, 791 F.2d 1438, 1449 (11th Cir. 1986) ("The State of Alabama correctly notes that a federal district court or court

---

[5] Rec. Doc. 10.
[6] Rec. Doc. 17.

of appeals has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts. The federal habeas corpus statute provides a mechanism for collateral, not appellate review. A federal court, however, is authorized to grant a conditional writ of habeas corpus."); Anderson v. Jones, 281 F.2d 684, 686 (6th Cir. 1960) ("Even where the remedy of habeas corpus is available, the District Court does not exercise appellate jurisdiction to review errors alleged to have been committed in the trial of a criminal case in the state court. The District Court has jurisdiction only to determine whether the petitioner is unlawfully detained on account of violation of his rights under the Constitution of the United States."). Accordingly, Barker was given the following options:

> **IT IS ORDERED** that, on or before **March 20, 2019**, petitioner notify the Court in writing as to whether he wishes his pleadings in this matter to be construed as seeking relief under 28 U.S.C. § 2254.
> **IT IS FURTHER ORDERED** that if petitioner fails to respond to this Order and confirm that it is in fact his wish to have his pleadings construed as a § 2254 petition, then the Court will construe his pleadings as an invalid attempt to appeal a state court criminal judgment to this federal district court and recommend that this matter be dismissed without prejudice.
> **IT IS FURTHER ORDERED** that, to the extent that such warnings are necessary in this instance, if it is petitioner's wish to have his pleadings construed as a § 2254 petition, he is hereby **WARNED** that any subsequent § 2254 petition will be subject to the restrictions on "second or successive" petitions and, therefore, he may withdraw his pending § 2254 petition or amend it so that it contains all the § 2254 claims he believes he has on or before **March 20, 2019**. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring such warnings when a court recharacterizes a *pro se* litigant's pleading as a first motion seeking relief pursuant to 28 U.S.C. § 2255); Hopes v. Davis, No. 18-20340, 2019 WL 654171, at *2 (5th Cir. Feb. 15, 2019) (assuming, without deciding, that Castro's rule regarding § 2255 motions applies to habeas petitions as well).[7]

Barker quickly responded, again indicating that he did **not** wish his pleadings to be recharacterized as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and stating that he instead wishes to challenge the validity of the foregoing Order.[8]

[7] Rec. Doc. 18.
[8] Rec. Doc. 19.

4

Because Barker is adamant that he does not wish for his pleadings to be recharacterized as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254, and because this federal district court lacks appellate jurisdiction to review a decision of the Louisiana Supreme Court, this invalid attempt to file such an "appeal" should be dismissed.[9]

## RECOMMENDATION

It is therefore **RECOMMENDED** that this federal proceeding be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of March, 2018.


_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] If this matter is dismissed as recommended, it will not adversely affect Barker's ability to file a future petition seeking relief pursuant to 28 U.S.C. § 2254.  However, any such future petition must be filed within the federal limitations period.  See 28 U.S.C. § 2244(d).