# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL BARKER,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 18-11696 |
| DARREL VANOY,<br>    Defendant | SECTION: "E"(3) |

## ORDER AND REASONS

Before the Court is Samuel Barker's "appeal" of state court proceedings.[1] The Court construed Barker's initial pleading as an attempt to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and referred the matter to the United States Magistrate Judge.

The Magistrate Judge ordered Barker to complete and return the standard form to be used by prisoners seeking federal habeas corpus relief.[2] Barker submitted the standard form[3] and also filed a document entitled "*Ex Parte* Clarification of Intent of His Filing," in which Barker clarified his intent was not to file a petition for writ of habeas corpus but instead an "appeal of denied state Supervisory Writ Relief."[4]

The Magistrate Judge notified Barker that a prisoner may not "appeal" a state court criminal judgment to a federal district court and ordered Barker to notify the Court in writing as to whether he desires his pleadings to be construed as seeking relief under 28 U.S.C. § 2254.[5] The Magistrate Judge warned Barker that, if he did not desire to have his

---

[1] R. Doc. 5; R. Doc. 10 (Amended Petition).
[2] R. Doc. 8.
[3] R. Doc. 10.
[4] R. Doc. 17.
[5] R. Doc. 18.

1

pleadings construed as a § 2254 petition, the Court would construe his pleadings as an invalid attempt to appeal a state court criminal judgment and would recommend the matter be dismissed without prejudice.[6] The Magistrate Judge also warned Barker that, if he did desire to have his pleadings construed as a § 2254 petition, any subsequent § 2254 petition would be subject to the restrictions on "second or successive" petitions.[7]

Barker informed the Court that he does not wish for his pleadings to be recharacterized as seeking habeas corpus relief.[8] Accordingly, the Magistrate Judge recommended the proceeding be dismissed without prejudice for lack of subject matter jurisdiction.[9]

Barker timely objected to the Report and Recommendation, again confirming that he does not wish for his pleadings to be construed as seeking habeas corpus relief.[10]

Barker objects to the recommendation that the proceeding be dismissed without prejudice because the Magistrate Judge did not inform him of the availability of a "conditional" habeas writ. A conditional writ of habeas corpus orders the State to release a habeas petitioner unless the State takes some remedial action, such as to retry or resentence, the petitioner.[11] A conditional writ of habeas corpus is not available in Barker's case.

---

[6] R. Doc. 18 at 2.
[7] *Id.*
[8] R. Doc. 19.
[9] R. Doc. 20.
[10] R. Doc. 21.
[11] *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); *Herrera v. Collins*, 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence."); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("[T]his Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.").

Accordingly;

The Court **APPROVES** the Magistrate Judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[12]

**IT IS ORDERED** that the proceeding instituted by Samuel Barker is hereby **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 30th day of May, 2019.**

                                              **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 20.